UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                Plaintiff,

      v.                                            9:19-CV-1484
                                                        (TJM/DJS)

ANNUCCI, et al.,

                Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Jay Bradshaw commenced this action by filing a pro se complaint for relief pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis ("IFP") and a motion for preliminary injunctive relief. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"); Dkt. No. 3 ("Preliminary Injunction Motion").[1] By Decision and Order filed on February 6, 2020, certain of plaintiff's claims were severed and transferred to the Western District of New York, along with the Preliminary Injunction Motion, and plaintiff's application to

---

[1] Plaintiff's IFP Application was initially denied as incomplete and the action was administratively closed. Dkt. No. 4. Thereafter, plaintiff filed the inmate authorization form required in this District and the action was re-opened. Dkt. Nos. 5, 6.

proceed IFP with respect to the claims remaining in this District was denied pursuant to 28 U.S.C. § 1915(g), based on the Court's determination that plaintiff has three "strikes" and is not entitled to the "imminent danger" exception. *See* Dkt. No. 7 ("February 2020 Order"). Plaintiff was further advised that the action remaining in this District would be dismissed without prejudice unless, within thirty (30) days of the date of the February 2020 Order, he paid the Court's filing fee of four hundred dollars ($400.00) in full. *Id*. at 16.

Presently before the Court is a letter from plaintiff dated February 18, 2020, in which he states, in pertinent part, as follows: "I wish to have my claims that are retained in the Northern District withdrawn." Dkt. No. 8.

The Court construes plaintiff's letter as an application seeking voluntary dismissal of this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Rule 41(a) provides in relevant part that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Since no defendant has answered the complaint or moved for summary judgment, plaintiff was entitled to voluntary dismissal of this action without prejudice, without further order of the court, upon the filing of such a notice.

In light of the foregoing, upon the filing of plaintiff's notice requesting to cancel this action, this action was dismissed, without prejudice, and an order of the court was not required in order to implement that dismissal.

**WHEREFORE**, it is hereby

**ORDERED** that in accordance with plaintiff's notice (Dkt. No. 8) to voluntarily dismiss this action, the Clerk of the Court shall close this case and reflect that the action is voluntarily

dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED**.

Dated: February 27, 2020

_____
Thomas J. McAvoy
Senior, U.S. District Judge